THOMAS E. AND JUDITH C. CHARLTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE
Charlton v. Commissioner
Docket No. 46689-86
United States Tax Court
T.C. Memo 1991-285; 1991 Tax Ct. Memo LEXIS 326; 61 T.C.M. (CCH) 3011; T.C.M. (RIA) 91285; June 27, 1991, Filed *326 An appropriate order will be issued denying petitioners' motion to vacate and revise the decision entered in this case. Larry Kars, for the petitioners. Doreen M. Susi and Dennis C. DeBerry, for the respondent. DAWSON, Judge. DAWSON
SUPPLEMENTAL MEMORANDUM OPINION This matter is before the Court on petitioners' motion pursuant to Rule 162 to vacate or revise the decision entered herein on November 26, 1990. All section references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners contend that the decision should be vacated or revised because the statute of limitations bars the assessment and collection of any income tax for 1981 and 1982. Comprehensive facts are contained in our Memorandum Findings of Fact and Opinion, (filed July 31, 1990), but the facts upon which petitioners' motion is grounded are as follows. Thomas E. Charlton was a limited partner in the Diabetics CME Associates Limited Partnership. By notice of deficiency dated October 2, 1986, respondent determined *327 deficiencies in petitioners' joint individual Federal income taxes for 1981 and 1982 resulting, in part, from the disallowance of petitioners' distributive share of deductions and investment tax credits from the Diabetics CME Associates Limited Partnership. Respondent mailed the notice of deficiency to petitioners more than three years after the respective dates when Diabetics CME Associates filed its partnership information returns for 1981 and 1982. The statute of limitations as a matter constituting an avoidance or an affirmative defense requires special pleading. Rule 39. Petitioners did not raise the statute of limitations defense in their petition. Respondent alleged facts in his answer as an anticipatory defense against petitioners' probable assertion that the statute of limitations bars assessment of the deficiencies determined against them for 1981 and 1982. Accordingly, he undertook the burden of proof on that issue. Rule 142(a). Respondent later moved under Rule 37 for an order that the affirmative allegations in his answer be deemed admitted, and that motion was granted on May 19, 1987, after petitioners failed to reply to respondent's motion within the time ordered *328 by the Court. Thus, petitioners are deemed to have conceded the statute of limitations issue. Rule 37(c). Petitioners, however, contend that "this case presents exceptional circumstances allowing this Court to vacate or revise its decision"; the resolution of the issue raised involves solely a question of law that may be decided on the record as developed; and that "there was no real statute of limitations issue until Kelley was decided in July [sic] 1989." [1] After this case was tried and the briefs were filed, the Court of Appeals for the Ninth Circuit held in , revg. , that the Commissioner may not adjust a shareholder's return based on an adjustment to an S corporation's return when the period of limitations has run on the S corporation's return. *329 The disposition of a motion to reconsider an opinion or to vacate or revise a decision rests within this Court's discretion. ; Rule 50(b). It is our policy to try all issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. ; , affd. on this issue . However, resolution of the statute of limitations issue raised by petitioners will not involve a rehearing because the relevant facts are already contained in the record. The recent opinions in , affg. , and , are dispositive of the issue raised by petitioners in this case. Petitioners' contentions were rejected in Siben and Stahl; and we think it is unnecessary to reiterate the reasons stated in those opinions. Accordingly, we hold that the statute of limitations for assessing *330 Federal income taxes against an individual partner, based on adjustments to partnership items, is measured from the date the individual partner filed his income tax return and not from the date the partnership return was filed. An appropriate order will be issued denying petitioners' motion to vacate and revise the decision entered in this case. Footnotes
1. The Ninth Circuit decision is dated June 7, 1989. , revg. .↩